## STATE ex SPIRA v CUYAHOGA CO COMMISSIONERS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10082. Decided May 13, 1929

Farrell & Edwards, Cleveland, for State.
Ray T. Miller, and E. P. Westenhaver, both of Cleveland for Commissioners.

LEVINE, J.

Two questions of law are presented upon the record. First, can the power of the Board of County Commissioners to make an appointment as an assistant to the clerk, and the validity of the appointment, be determined by a consideration other than the law which authorizes the appointment and the resolution of appointment? In other words, can regard and consideration be given to the subsequent events which took place after the appointment was made, and can the duties assigned to the appointee after the appointment, be taken as a basis for invalidating the appointment? Second, are the duties of the clerk and his assistants limited to purely clerical duties, and is the Board of County Commissioners without authority to assign to the clerk or his assistants duties other than those purely clerical, enumerated in 2406 GC.

The appointment of the relator was made from the unclassified list of the civil service commission of Ohio, by authority of Sec. 486-8 under the heading of "Positions in unclassified service****."

We must of course look to other sections in the Code with a view of determining whether the Board of County Commissioners was empowered and authorized to appoint the relator. Sec. 2409 deals with the apointment of a clerk to the County Commissioners and his assistants.

We are referred to the case of **State of Ohio ex rel Landis v. Board of County Commissioners of Butler County, 95 OS. 157.** In that case the validity of Sec. 2409 which authorizes the appointment of a clerk to the County Commissioners was the only question, and it was contended that the clerk was a public officer within the meaning of **Sec. 2, Art. 10 of the Constitution** and therefore could not be appointed. In that case the court held that the position of clerk did not involve the exercise of continuing, independent political or governmental functions.

In addition to holding that the clerk of the Board of County Commissioners is not engaged in duties which involve the exercise of continuing, independent political or governmental functions, this case holds that the Board of County Commissioners has such powers and jurisdiction and only such as are conferred by statute. We must look therefore to **Sec. 2409 GC.** and from its language determine whether the board of county commissioners may impose upon the clerk or his assistants, duties other than purely clerical duties such as are enumerated in **Sec. 2406.** Note the language,—**"Such clerk shall perform the duties required by law and the board.**" As to what are the duties required by law of such clerk, the same is fully set forth in **Sec. 2406** but it was clearly the intention of the legislature that the duties of the clerk may be made, at the discretion of the Board, more numerous and greater than merely those required by law.

In the case of **Slinguff v. Weaver, 66 OS. 621,** the Supreme Court in clear language set forth rules of guidance for the construction of a statute.

In order to give full effect to the language used in **Sec. 2409** we are led to the conclusion that the words "such clerk shall perform the duties required**by the board" were inserted intentionally for the reason that the legislature felt that in view of the many responsibilities, varied and divers duties which are imposed on the board of county commissioners, that it would be conducive to more efficient administration if the county commissioners are empowered to add to the duties imposed upon the clerk and his assistants by law and so as to assist the commissioners to more efficiently perform their duties.

It is not, in our opinion, unreasonable for the Board to require of the clerk or his assistants, or both, that they investigate claims arising against the county.

There is another important consideration which aids us in reaching our conclusion and that without regard to the interpretation of the language used in **Sec. 2409.**

We are inclined to the opinion that the duties assigned to an employee after his appointment cannot be inquired into, for the purpose of determining the validity of the appointment. Once it is found that the appointing power has authority by law to appoint the employe to a designated employment the subsequent events following the appointment cannot be considered in determining the validity of the appointment when made.

The legal status of the relator is to be determined by inquiring whether the appointing power at the time the appointment was made had authority to appoint him as assistant to the clerk and whether they exercised that power by actually appointing him to such position. No doubt whatsoever can be expressed but that the board may appoint such necessary assistants to the clerk as it deems necessary. By the adoption of the resolution of appointment, the board determined that such assistant was necessary. The courts are not endowed with visitatorial powers to approve or disapprove the manner in which the county commissioners exercise the powers conferred upon them by **Sec, 2409.** The power of the court is limited to one inquiry, namely, was there lawful authority vested in the county commissioners to make the appointment of the relator at the time the appointment was made? But the court cannot, and will not exercise control or direction of the duties to be performed by such employe after the appointment is made.

We hold that the court of Common Pleas committed error in denying the writ. Judgment of the Common Pleas Court will therefore be reversed, and a judgment entered granting the writ. A journal entry may be drawn accordingly.

Vickery, PJ, and Sullivan, J, concur.